IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2017

**KEENAN SCOTT McNEAL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Blount County**
**No. C-23753    David R. Duggan, Judge**

_____

**No. E2017-00281-CCA-R3-PC**

_____

The Petitioner, Keenan Scott McNeal, appeals from the Blount County Circuit Court's denial of his petition for post-conviction relief from his conviction for the sale of one-half gram or more of a substance containing cocaine within 1000 feet of a child care facility, for which he is serving an eight-year sentence. On appeal, he contends that he received the ineffective assistance of trial and appellate counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Robert Lewis Straight III, Knoxville, Tennessee, for the appellant, Keenan Scott McNeal.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Michael L. Flynn, District Attorney General; Matthew L. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's conviction relates to his sale of narcotics to a confidential informant inside the Petitioner's house. The transaction was captured in a video recording. The informant died from a drug overdose before the Petitioner's trial. *State v. Keenan Scott McNeal*, No. E2013-00602-CCA-R3-CD, 2013 WL 6187962, at \*1 (Tenn. Crim. App. Nov. 25, 2013), *perm. app. denied* (Tenn. Apr. 8, 2014).

At the post-conviction hearing, the trial transcript and still photographs from the video recording of the drug transaction were received as exhibits. The parties stipulated that the photographs had been trial exhibits. The motion for a new trial, the opinion of this court in the previous appeal, a transcript of a hearing on a motion for a continuance,

and a transcript of the Petitioner's hearing regarding his decision not to testify were also received as exhibits.

Trial counsel testified that he met with the Petitioner to prepare for the trial. Counsel said that he showed the video recording and a police summary to the Petitioner and that he asked for the Petitioner's version of the relevant events. Counsel said he asked the Petitioner if others had been present who could provide helpful testimony. Counsel said that after he received the laboratory report relative to the drugs, he showed the report to the Petitioner. Counsel could not recall how many times he and the Petitioner met or if they met close in time to the trial, although he said his usual practice was to meet with a client close to the trial. Counsel said they discussed strategy.

Trial counsel testified that an interesting point in the Petitioner's case was that the confidential informant was deceased. Counsel said the issue of whether the State could introduce the recording of the drug transaction without the informant's testimony was significant because there were no eyewitnesses other than young children. Counsel said that the Petitioner insisted that the video recording did not show that anything had been delivered and that counsel advised the Petitioner that this would be a question of fact for the jury. Counsel said that the Petitioner's trial was in November and that counsel had known in the previous June or July, and possibly earlier in the spring, that the informant was deceased. Counsel said he discussed the informant's death with the Petitioner.

Trial counsel testified that he had been involved previously in another case involving the deceased informant and another defendant. Counsel said he filed a motion to suppress a video recording of a drug transaction in that case based upon the informant's death, which was denied based upon existing case law. Counsel said that the previous case and the Petitioner's case were similar because in both, the evidence included audio recordings of telephone calls and video recordings of drug transactions. Counsel said that in the previous case, the court ruled that the informant's statements to police consisting of descriptions of vehicles, people getting out of vehicles, the people's attire, and license plate numbers were inadmissible pursuant to the Confrontation Clause because the defendant had not been present for the statements. Counsel said that in the Petitioner's case, the State agreed to redact the audio recording of conversations between the informant and police officers that had not been within the Petitioner's hearing because they knew how the court would rule on the matter based upon the previous case. Counsel said the jury was provided with a transcript of the recording and that a limiting instruction was given relative to the transcript not being evidence. Counsel said that, in his opinion, having a "long protracted pretrial motion" on the suppression issue was pointless because the parties knew how the court would rule and how the Court of Criminal Appeals had ruled previously. Counsel said that based upon the trial court's ruling in the other case involving the informant, he advised the Petitioner that the defense was "not in very good shape."

-2-

Trial counsel testified that he seldom advised clients to testify. He did not recall the advice he gave the Petitioner but thought he would have advised against testifying because the State had an issue with the deceased confidential informant and if the Petitioner testified, the State would have the opportunity to "fill in all those gaps" relative to the admissibility of the video recording.

Trial counsel testified that his strategy had been to challenge the State's evidence regarding chain of custody of the drugs between the transaction and the informant's delivery to the police and to highlight the fact that the video recording did not show what was passed between the Petitioner and the informant.

Trial counsel testified that before the trial, he interviewed the police officers who arranged the transaction. Counsel said he had the laboratory report but did not interview the laboratory technician because the person would merely identify the tests performed and the results.

Trial counsel testified that the Petitioner was not interested in counsel's attempting to obtain a plea offer. Counsel did not recall that the State ever conveyed a plea offer. Counsel said that within a day or two of the conviction, the prosecutor agreed to a minimum sentence without the Petitioner's waiving a right to an appeal. Counsel said, however, that the Petitioner would not agree initially to the disposition, but the Petitioner later agreed on the day of sentencing.

Trial counsel testified that in his more than forty years of practice, he had seen an informant's presence at a trial become less critical as recording technology had advanced. He said it had become "fairly easy to tell what's going on from looking at" video recordings. He said that because the recordings were currently "pretty clear," the defense's role was to attack them by discrediting an informant as unreliable, dishonest, or receiving benefits for his testimony. Counsel said that five to ten years ago, it was often helpful to the defense if an informant did not appear for the trial but that currently, an informant's appearance could be helpful to the defense.

Trial counsel acknowledged that the confidential informant had been involved in twenty to thirty controlled drug purchases. Counsel said that in one of the cases, the State had needed the informant to testify because of the difficulty in determining what the recording depicted. Counsel agreed that the video portion of the recording had malfunctioned and that the recording consisted solely of audio evidence. Counsel said that the recording in that case contained the voices of individuals in addition to the informant and the defendant. Counsel agreed that the defendant in that case was found guilty, despite counsel's attempt to discredit the informant. Counsel agreed that the same informant and the same officer had been involved in two cases he tried before the Petitioner's trial. He agreed he had extensively cross-examined the officer in those cases.

-3-

Trial counsel testified that he raised a Confrontation Clause objection to evidence of all of the conversation that occurred inside the Petitioner's home and that he raised the issue in the motion for a new trial. He agreed he made a Confrontation Clause argument as to audio recordings of telephone calls that were admitted as evidence at the Petitioner's trial. After reviewing a trial transcript, counsel stated that he argued in the motion for a judgment of acquittal that in the absence of the informant's trial testimony, the State had failed to prove that the items the informant allegedly received from the Petitioner were the same items the informant delivered to the officers. Counsel agreed that the still photographs captured from the video recording appeared to show the Defendant's handing something to the informant.

Trial counsel testified that he had never told any defendant that the defendant would lose the right to appeal by testifying and that he did not advise the Petitioner accordingly. Counsel thought that the Petitioner might have misunderstood counsel's advice that the Petitioner's testifying would establish the authenticity of the video recording and that counsel's "ability to appeal this issue [of the authenticity of the recording] is going to be derailed." Counsel did not recall, however, having objected to the authenticity of the video recording. Counsel clarified that in referring to the video's authenticity, he meant the State's interpretation of what it depicted and that he was not referring to whether the recording had been tampered with or fabricated.

Trial counsel testified that in his professional opinion, an argument that the Fourth Amendment prohibited a confidential informant from making a drug purchase inside a defendant's home would be unsuccessful. Counsel agreed that he objected to a police officer's interpretation of the events depicted on the video recording.

The Petitioner testified that he met with trial counsel two or three times for ten to fifteen minutes per meeting. The Petitioner said that he called counsel but that counsel did not return his calls. The Petitioner said he asked counsel "which way we should go" and whether the State had made any plea offers but that counsel kept trying to get him to "inform on somebody." The Petitioner stated that he told counsel, "[T]here's nothing to inform about." The Petitioner said that he and counsel reviewed the video recording together and that counsel provided him with a copy of the video recording and of audio recordings of telephone calls. The Petitioner acknowledged that the video recording was more than fifteen minutes but said that counsel had "fast-forwarded" through part of it. The Petitioner said that they did not discuss possible defense witnesses and that counsel never mentioned interviewing the informant or the investigating officers.

The Petitioner testified that he and counsel did not discuss pretrial motions but that they discussed the effect of the informant's death on the case. According to the Petitioner, counsel told him that if the informant did not appear at the trial, the State did

not "have a case." The Petitioner said counsel noted that despite the recording's depiction of an exchange of money, it did not depict drugs. The Petitioner said that in their first or second meeting, counsel advised him that the case turned on the informant's word versus the Petitioner's word. The Petitioner said that he learned of the informant's death one and one-half to two months before his trial and that the death did not affect counsel's opinion regarding the strength of the State's case. He said, though, that his only meeting with counsel after the informant's death was for five minutes before the trial, at which time counsel told him, "[T]hings are looking good." The Petitioner said counsel said they had to take the case to a trial. The Petitioner said that he inquired about pleading guilty and "throw[ing] myself upon the mercy of the Court" and requesting probation but that counsel told him the offense required an eight to twelve-year sentence, had occurred in "a drug zone," and required a trial. The Petitioner acknowledged that counsel had explained the reason for mandatory service of the sentence for the offense.

The Petitioner testified that he and counsel discussed whether the Petitioner would testify. The Petitioner said that he wanted to "plead my case" and that counsel "didn't have a problem with" the Petitioner's testifying. The Petitioner said, however, that during the trial, counsel stated that if the Petitioner testified and was found guilty, he would not be able to appeal. The Petitioner stated that counsel said he could not tell the Petitioner what to do but could tell him what would happen if the Petitioner testified. The Petitioner said he relied on counsel's advice in making his decision not to testify. The Petitioner said he and counsel did not discuss a Fourth Amendment challenge to the "submission of evidence." He said, however, that he had based his decision not to testify in substantial part on his understanding that an appellate issue would be raised regarding violation of his constitutional rights due to "submission of the evidence."

The Petitioner testified that he was represented by a new attorney in his appeal of the conviction. The Petitioner said that appellate counsel communicated by letter but did not meet with him. The Petitioner said appellate counsel never requested any information from him. The Petitioner did not recall appellate counsel's ever telling him what counsel planned to argue.

The Petitioner acknowledged that he had reviewed the video recording in preparation for the trial. He agreed that it depicted his house, his daughters, and his handing a "white baggy" to the confidential informant.

Trial counsel was recalled and testified that the Petitioner's case had been set for trial in February 2012 but that counsel had difficulty contacting the Petitioner, who was homeless and did not have a contact telephone number. Counsel said that the Petitioner called a few days before the trial when counsel was at a dentist appointment. Counsel said that he was sick and unable to work for a few days thereafter. Counsel said he requested a continuance in order to be ready for the trial.

-5-

Trial counsel testified that his meetings with the Petitioner were probably about thirty minutes each. Counsel did not recall how many meetings they had. Counsel said the Petitioner maintained that he could not be prosecuted in a case that involved a deceased informant. Counsel said he was unable to dissuade the Petitioner from this view. Counsel said that because the State did not make a plea offer, he did not spend time trying to convince the Petitioner that the Petitioner's view of the law was erroneous and that the case was not as favorable to the defense as the Petitioner thought. Counsel said that he was prepared for the trial. Counsel said they discussed the contents of the video recording of the drug transaction.

Counsel testified that the amount of time needed to meet with a client depended on the facts of the case. He noted that the Petitioner had no witnesses and did not plan to testify. Thus, he said, lengthy meetings were unnecessary to prepare for the trial. Counsel said that in the Petitioner's case, he needed to meet with the Petitioner long enough to review the charges and ensure that the Petitioner understood his legal situation.

Trial counsel testified that he discussed with the Petitioner the prior litigation with which he had been involved relative to the deceased informant. Counsel was "almost certain" that his opinion changed regarding the strength of the Petitioner's case between their first and last meetings. Counsel said that he had been optimistic about the Petitioner's case before the trial in another case involving the deceased informant. Counsel said that the appellate courts disagreed with counsel's view of the law relative to the admissibility of a video recording showing a drug transaction with the deceased informant. Counsel said that if he expressed optimism to the Petitioner, it would have been before the trial court's ruling in another case. Counsel said that before the ruling in the other case, the defense bar had been optimistic about cases involving the deceased informant.

After receiving the proof, the post-conviction court denied relief. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

# I

## Ineffective Assistance of Trial Counsel

The Petitioner contends that the post-conviction court erred in denying relief because trial counsel was ineffective when he failed to file a motion to suppress the video recording of the drug transaction, failed to prepare adequately for trial, and improperly advised the Petitioner that he would lose the right to appeal by testifying at the trial. The State responds that the post-conviction court did not err in denying relief. We agree with the State.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## A.      Failure to File a Motion to Suppress Evidence

Regarding the Petitioner's allegation that trial counsel was ineffective because he failed to file a motion to suppress the video recording of the drug transaction, the Petitioner argues that if counsel had filed a motion and obtained a hearing before the confidential informant's death, the informant's testimony "could have bore [sic] fruit that could have been useful at the . . . trial." Relative to this allegation, the post-conviction court found that the Petitioner failed to present evidence to support suppression of the video recording. The court also noted that appellate decisions supported the admissibility of a recording of a drug transaction despite the confidential informant's unavailability to testify at trial and found that trial counsel was aware of the law and was bound by it. *See State v. George Anthony Bell*, No. M2008-01187-CCA-R3-CD, 2009 WL 3925370, at *4-8 (Tenn. Crim. App. Nov. 19, 2009) (holding that the Confrontation Clause did not bar admission of audio recording of a drug transaction between a confidential informant and the defendant where the informant was unavailable for trial because he had left the state), *perm. app. denied* (Tenn. Apr. 16, 2010). The court found that an attorney had no obligation to file a motion which he knew would be futile. The court found that counsel decided as a matter of strategy not to file the motion to suppress and to instead address the issue by objecting to the evidence as not showing an exchange of drugs. The court reviewed the trial transcript and noted that counsel had objected to the admission of the evidence as a violation of the Confrontation Clause. The court also noted that counsel had attacked the informant's credibility by showing that the informant had criminal convictions and was a drug abuser, in furtherance of the strategy of showing that the State had not proven the absence of tampering with the items the Petitioner gave the informant before the informant delivered the items to the police.

The Petitioner also argues that counsel failed to differentiate between the prior case involving the informant and the Petitioner's case. He has not delineated any distinctions between the legal issues presented in the prior case and the Petitioner's case, and we decline to speculate in this regard.

Upon review, we conclude that the evidence supports the post-conviction court's determinations. The Petitioner is not entitled to relief on this basis.

## B.      Failure to Prepare Adequately for the Trial

The Petitioner argues that trial counsel failed to prepare adequately for trial by not meeting with the Petitioner for sufficient time to advise the Petitioner about the issue regarding the admissibility of the video recording of the drug transaction. Counsel testified that he could not recall the number of meetings he had with the Petitioner, but he estimated their meetings to be more lengthy than the ten to fifteen minutes per meeting estimated by the Petitioner. Counsel said that he met with clients for the amount of time

that was required according to the facts of the case and that the Petitioner's case did not require lengthy meetings in order to prepare for the trial. Counsel said that, although he had been optimistic initially about the case due to the informant's death, he revised his opinion after the trial court's adverse ruling in another case. Counsel said he informed the Petitioner accordingly but that the Petitioner could not be dissuaded from his optimism about the outcome of the trial. The post-conviction court credited counsel's testimony regarding his preparations for the trial, including his meetings with the Petitioner and their review of the evidence. In crediting counsel's testimony over that of the Petitioner, the court noted their conflicting accounts of the extent of their meetings.

On appeal, the Petitioner relies upon his own testimony to support his argument that the post-conviction court erred in denying relief. As we have stated, the court credited counsel's testimony over that of the Petitioner. The evidence supports the court's determinations. The Petitioner is not entitled to relief on this basis.

## C.     <u>Improper Advice</u>

Regarding the Petitioner's allegation that trial counsel was ineffective because counsel improperly advised the Petitioner that he would lose the right to appeal by testifying at the trial, the post-conviction court credited counsel's testimony and found that counsel had not advised the Petitioner in the manner alleged. We note, as well, that the Petitioner did not testify at the hearing regarding the substance of the testimony he would have given but for counsel's alleged erroneous advice. On appeal, the Petitioner relies on his testimony at the hearing to support his argument that the post-conviction court erred in denying relief on this claim. The evidence supports the post-conviction court's determination. The Petitioner is not entitled to relief on this basis.

## II

## <u>Ineffective Assistance of Appellate Counsel</u>

The Petitioner contends that appellate counsel provided ineffective assistance by failing to raise an issue of the violation of the Petitioner's constitutional rights due to admission of the video recording and that counsel did not discuss the appellate issues with him before "filing the appeal." The State has not addressed this issue in its brief.

The legal standard that applies to ineffective assistance of appellate counsel claims is the same standard that applies to claims regarding the performance of trial counsel. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004). Regarding the selection of issues to be raised on appeal, the determination "is generally within appellate counsel's sound discretion." *Id*. at 887. This court "should not second-guess such decisions, and every effort must be made to eliminate the distorting effects of hindsight." *Id*. Deference to

tactical choices, however, does not apply if such choices are not "within the range of competence required of attorneys in criminal cases." *Id*.

Appellate counsel did not testify at the hearing. The Petitioner, who was incarcerated during the appellate process, testified at the hearing that appellate counsel communicated with him by letter. The post-conviction court found that appellate counsel did the best he could by raising the sufficiency of the evidence issue. To the extent that the Petitioner contends that counsel should have raised an issue regarding the admissibility of the video recording, he has not cited any legal authorities which support suppression or exclusion of the evidence. Similarly, he has failed to identify any pertinent information counsel lacked due to counsel's failure to meet with him before filing the appellate brief.

The evidence supports the post-conviction court's determinations. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE